LLEMMON, J.,
Concurring.
Procedural due process requires notice and an opportunity to be heard. There is no doubt that disciplinary counsel in the present case provided respondent with notice of a hearing for additional testimony concerning the money orders, which from the information gathered by disciplinary counsel appear to have been fraudulently produced as manufactured evidence, and with an opportunity to prepare for the hearing. Indeed, respondent produced at the reconvened hearing a copy of an affidavit by his employee-sister in which she assumed the responsibility for the • questionable money orders.
Nevertheless, this court’s requiring the issuance of separate formal charges for this extremely serious misconduct is appropriate in the present case. The Hearing Committee, although finding respondent’s explanation for the inconsistencies in the money orders to be insufficient, recommended only a public reprimand, and the Disciplinary Board, after noting respondent’s negligent action in the safekeeping of the costs and “knowing, if not intentional,” false testimony, recommended only a six-month suspension and a period of probation.
Because this court regards the presentation of false evidence as an extremely serious matter and because there may be questions surrounding the affidavit by respondent’s sister who died three days after its execution before him and two alleged | ^witnesses, these matters should be fully aired after filing and service of formal charges setting out allegations of specific disciplinary violations. Additionally, although respondent did not choose to employ the assistance of counsel when he received the original formal charges, he very well may have done so if he had been formally and specifically charged with the much more grievous conduct.